UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**IBEW No. 292 Health Care Plan, Electrical Workers Local No. 292 Pension Fund, Electrical Workers Local No. 292 Annuity & 401 (k) Fund, Electrical Workers Local No. 292 Vacation & Holiday Fund, Minneapolis Electrical Industry Board/JATC/LMCC,**

Civil No.01-951 ADM/SRN

Plaintiffs,

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

vs.

**Frandsen Electric, Inc.,**

Defendant.

This matter was heard before the undersigned on the 12th day of October, 2001. Jacqueline M. Beaulieu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on May 29, 2001, seeking an order requiring production of fringe fund reports and judgment for the amounts shown to be due per those reports.

2. Defendant Frandsen Electric, Inc. was served with a Summons and Complaint in this matter on June 5, 2001.

3. Defendants have failed to file and serve an Answer to the Summons and Complaint.

12 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing electrical work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

5. Defendant accepted and agreed to be bound by certain a collective bargaining agreement ("CBA") with the International Brotherhood of Electrical Workers. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions.

6. The bargaining agreement provides that Defendant pay liquidated damages of 5% of contributions or $1,000, whichever is greater, for contributions paid after the end of the month in which they were due.

7. Defendant failed to produce reports and contributions for the periods of January through August, 2001.

8. Pursuant to the bargaining agreement, Defendant owes 5% of the contributions shown to be owing pursuant to the reports, or $1,000, whichever is greater per month. as liquidated damages.

9. The bargaining agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

**CONCLUSIONS OF LAW**

1. Defendant are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant must produce the fringe fund report and contributions for January, 2001 through August, 2001.

3. Defendant owes 5% of the contributions shown to be due, or $1,000 per month, whichever is greater, in liquidated damages.

4. Defendants owe attorneys' fees and costs.

## ORDER

IT IS ORDERED:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendant shall produce fringe fund reports and contributions for January, 2001 through August, 2001 and all subsequent months as they become due after the date of this order.

3. That Plaintiffs are entitled to Judgment for amounts shown to be due pursuant to those reports.

4. That Plaintiffs are entitled to Judgment for an additional 5%, or $1,000, per month, whichever is greater, as liquidated damages.

5. That Plaintiffs are entitled to Judgment for attorney's fees and costs in an amount to be determined upon affidavit and application by Plaintiff's counsel.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 12, 2001

BY THE COURT

Ann D. Montgomery
Judge of District Court