ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil No. 01-0951 ADM/SRN

IBEW NO. 292 HEALTH CARE PLAN, ELECTRICAL WORKERS LOCAL NO. 292 PENSION FUND, ELECTRICAL WORKERS LOCAL NO. 292 ANNUITY & 401(k) FUND, ELECTRICAL WORKERS LOCAL NO. 292 VACATION & HOLIDAY FUND, MINNEAPOLIS ELECTRICAL INDUSTRY BOARD/JATC/LMCC,

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF MONEY JUDGMENT**

FRANDSEN ELECTRIC, INC.,

Defendant.

This matter was originally scheduled for a hearing on May 29, 2002. The parties requested a continuance to pursue settlement discussions.

The Plaintiffs' rescheduled motion was heard before the undersigned on the 15th day of November 2002. Kathleen M. Brennan of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance of counsel on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on May 29, 2001. The Defendant defaulted, and Judgment was entered by this Court on October 12, 2001. This Order required the Defendant to submit reports to the Plaintiffs, and to pay all amounts due

NOV 15 2002

for fringe benefit contributions, liquidated damages, and attorneys' fees and costs incurred by the Plaintiffs.

2. Defendant refused to comply with that Order, and Plaintiffs took action to enforce the Order. An Order to Show Cause was issued on January 15, 2002 and a hearing was held on February 5, 2002.

3. Following the hearing, Defendant remitted reports to the Plaintiffs for the period of January 2001 through December 2001.

4. The amount determined to be due for fringe benefit contributions per the reports submitted for the period of January 2001 through December 2001 is $9,521.64. The amount due for liquidated damages for this same period is $8,000.00.

5. Plaintiffs have incurred $5,333.25 in attorneys' fees and $910.01 in costs. Those fees and costs were reasonable and necessary under the circumstances, in order for the Plaintiffs to obtain the relief sought in the complaint.

**CONCLUSIONS OF LAW**

1. Per the terms of this Court's previous Order, Defendant is in default, and Plaintiffs are entitled to a money judgment.

2. Defendant is liable to the Plaintiffs in the amount of $9,521.64 for fringe benefit contributions and $8,000.00 for liquidated damages.

3. Defendant is liable to the Plaintiffs in the amount of $6,243.26 for attorneys' fees and costs.

**ORDER**

**IT IS HEREBY ORDERED**:

1. That Plaintiffs' motion for entry of a money judgment is granted.

2. That Plaintiffs shall have judgment against Defendant in the amount of $23,764.90.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 15, 2002

BY THE COURT

The Honorable Ann D. Montgomery
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.